UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

N116JC, LLC, a Florida limited liability company,

        Plaintiff,

v.                                           Case No: 2:15-cv-292-FtM-38DNF

CARDAIR, INC. and SHIRLEY HODGE-RYAN,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on review of Plaintiff N116JC, LLC's Complaint (Doc. #1). Plaintiff brings this action based on diversity jurisdiction, which requires complete diversity of citizenship and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In the Complaint, Plaintiff alleges that Defendant Shirley Hodge-Ryan resides in the United States Virgin Islands, but fails to allege that Defendant Shirley Hodge-Ryan is domiciled there (Doc. #1 at 1). Moreover, Plaintiff also alleges that it is a Florida limited liability company, but fails to allege where its members are domiciled (Doc. #1 at 1).[2] Without these allegations, the Court is not

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] If a member of Plaintiff is another limited liability company, then Plaintiff is required to disclose the members of the additional limited liability company along with its citizenship too. Essentially, Plaintiff is

convinced that it retains subject matter jurisdiction over this matter.  See *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership.").

The Court will allow Plaintiff a period of time to establish the Court's jurisdiction. Failure to do so will result in dismissal of this action.

Accordingly, it is now

**ORDERED:**

Plaintiff N116JC, LLC must amend its Complaint to allege the domicile of Defendant Shirley Hodge-Ryan and the domicile of the members of its limited liability company on or before **May 21, 2015**.  Failure to comply with this Order will result in dismissal of this action.

**DONE** and **ORDERED** in Fort Myers, Florida, this 12th day of May, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

required to disclose the citizenship of the members of the limited liability company until there are no more limited liability company entities to be disclosed.